TOLEDO BAR ASSOCIATION *v.* GALVIN.

[Cite as Toledo Bar Assn. *v.* Galvin (1984), 11 Ohio St. 3d 37.]

(D.D. No. 83-40—Decided May 16, 1984.)

38

*Mr. Edward J. McCormick, Jr., Mr. David F. Cooper* and *Mr. Richard M. Kerger,* for relator.

*Mr. Merritt W. Green II,* for respondent.

*Mr. Angelo J. Gagliardo,* disciplinary counsel, and *Mr. Carl Corletzi,* urging disbarment for *amicus curiae,* Office of Disciplinary Counsel.

*Per Curiam.* The relationship between respondent and Abbey was not that of an attorney-client. As the board properly points out it was more of a business and personal relationship. In view of the fact that respondent's conduct in no way involved any judicial proceedings and was outside an attorney-client relationship the court concurs with the board that the respondent did not violate DR 1-102(A)(5) or DR 9-102(B)(3).

This court further finds that respondent has violated DR 1-102(A)(3), (4) and (6).[1] The actions of respondent in misappropriating funds from Abbey's personal bank account constituted illegal conduct involving moral turpitude, dishonesty, fraud, deceit and misrepresentation, and were violative of DR 1-102(A)(3), (4) and (6). Conduct such as that of the respondent adversely reflects on his fitness to practice law in the state of Ohio.

Having found that respondent did violate DR 1-102(A)(3), (4) and (6), it is the judgment of this court that the respondent be indefinitely suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., FORD, HOFFMAN, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

HOFFMAN, J., of the Fifth Appellate District, sitting for SWEENEY, J.

---

[1] DR 1-102 reads in part:

"(A) A lawyer shall not:

"* * *

"(3) engage in illegal conduct involving moral turpitude.

"(4) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"* * *

"(6) engage in any other conduct that adversely reflects on his fitness to practice law."